# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2021

Lyle W. Cayce
Clerk

No. 20-60639
Summary Calendar

Roher Ottoniel Barrios-Escobar,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 028 768

---

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Roher Ottoniel Barrios-Escobar, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his asylum application.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60639

This court reviews the final decision of the BIA and will only consider the immigration judge's decision where it influenced the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Factual findings are reviewed under the substantial evidence standard and legal questions de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Under the substantial evidence standard, Barrios-Escobar must show that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* at 518 (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1252(b)(4)(B). Whether an applicant is eligible for asylum is a factual finding. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted).

To be eligible for asylum, Barrios-Escobar must show that he is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of," as relevant here, "membership in a particular social group [PSG]." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1).[1] A cognizable PSG must: (1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014).

Substantial evidence supports the BIA's decision that Barrios-Escobar's proposed PSG—"expatriates from North America"—is not cognizable because it lacks the required particularity. *See Orellana-Monson*,

---

[1] Although Barrios-Escobar mentioned withholding of removal before the BIA and it affirmed the Immigration Judge's decision, it addressed only the asylum claim. To the extent Barrios-Escobar is seeking withholding of removal on appeal, a petitioner who fails to meet the necessary standard for asylum also fails to meet the higher standard for withholding of removal. *See Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-32 (1987). Thus, we need not address this issue further.

No. 20-60639

685 F.3d at 518-19.  Barrios-Escobar has not shown that his proposed group is more than a "catch all" of persons fearing persecution.  *See id.*

DENIED.